IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERN E. MCGINNIS, JR., <br>         Plaintiff, <br><br> v. <br><br> NURSE KATE HILL, et al, <br>         Defendants. | C.A. No. 24-73 Erie <br><br> District Judge Susan Paradise Baxter <br> Magistrate Judge Maureen P. Kelly |

## MEMORANDUM ORDER

Plaintiff, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest") initiated this *pro se* civil rights action on March 7, 2024, by filing motion to proceed *in forma pauperis* ("ifp motion") accompanied by a complaint [ECF No. 1]. The matter was referred to United States Magistrate Judge Maureen P. Kelly for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff's ifp motion was granted by Order dated March 22, 2024 [ECF No. 4], at which time the complaint was docketed [ECF No. 5]. Plaintiff filed an amended complaint on April 30, 2024 [ECF No. 21], and a second amended complaint on July 31, 2024 [ECF No. 52] which is the operative pleading in this case. Named as Defendants in the second amended complaint are Health Care Provider Wellpath, LLC ("Wellpath"), Nurse Kate Hill ("Hill"), Correctional Healthcare Administrator Jana Jordan ("Jordan"), SCI-Albion Superintendent R. Irwin ("Irwin"), and the Pennsylvania Department of Corrections ("DOC"). (For ease of reference, all Defendants other than Wellpath are collectively referred to as "DOC Defendants").

Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs in violation of his rights under the Eighth Amendment to the United States Constitution and are liable for "general negligence."

Defendant Wellpath and the DOC Defendants each filed a motion to dismiss the second amended complaint (ECF Nos. 55 and 60, respectively), and both motions were fully briefed by the parties.

Subsequently, on November 16, 2024, counsel for Wellpath filed a Suggestion of Bankruptcy and Notice of Stay, reflecting that on November 11, 2024, Wellpath Holdings, Inc. petitioned for relief under Chapter 11 of the United States Bankruptcy Code. [ECF No. 74]. Accordingly, on November 18, 2024, this Court stayed this action in accordance with the automatic stay provisions of Section 362(a) of the United States Bankruptcy Code. [ECF No. 76]. The bankruptcy court subsequently lifted the automatic stay as to all non-debtor defendants on May 7, 2025. In re Wellpath, No. 24-90533 (Bankr. S.D. Tex. May 1, 2025) (ECF No. 2599). As a result, this Court lifted the stay of this action as to all non-debtor defendants on May 19, 2025. [ECF No. 85], and the DOC Defendants' motion to dismiss became ripe for consideration.

On May 19, 2025, Magistrate Judge Kelly issued a Report and Recommendation ("R&R") recommending that the DOC Defendants' motion to dismiss [ECF No. 60] be granted in part and denied in part. [ECF No. 87]. Specifically, the R&R recommends that the DOC Defendants' motion be granted as to all claims against the DOC, all official capacity claims against all DOC Defendants, all negligence claims against all DOC Defendants, and all Eighth Amendment claims against Defendants Jordan and Irwin, and that all such claims be dismissed with prejudice. However, the R&R recommends that the motion be denied to the extent it is based on Plaintiff's failure to exhaust administrative remedies. In addition, the R&R

recommends that Defendant Wellpath's motion to dismiss [ECF No. 55] be denied without prejudice to be refiled should any claim(s) survive the bankruptcy proceedings. No timely objections to the R&R have been received by the Court.

Thus, after *de novo* review of the complaint and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 10th day of June, 2025;

IT IS HEREBY ORDERED that the DOC Defendants' motion to dismiss [ECF No. 60] is GRANTED IN PART and DENIED IN PART, as follows:

1. The motion is GRANTED as to all claims against the DOC, all official capacity claims against all DOC Defendants, all negligence claims against all DOC Defendants, and all Eighth Amendment claims against Defendants Jordan and Irwin, and such claims are DISMISSED, with prejudice; and

2. The motion is DENIED to the extent it is based on Plaintiff's failure to exhaust administrative remedies.

IT IS FURTHER ORDERED that Defendant Wellpath's motion to dismiss [ECF No. 55] is DENIED, without prejudice to Wellpath's right to refile said motion should any claim(s) survive the bankruptcy proceedings.

Based on the foregoing, the only claims remaining in this case are Plaintiff's Eighth Amendment claim against Defendant Hill, which was not subject to the DOC Defendants' motion to dismiss, and any claims that may remain against Defendant Wellpath after the conclusion of its pending bankruptcy case. The Clerk is directed to terminate Defendants DOC, Jordan and Irwin from this case.

The report and recommendation of Magistrate Judge Kelly, issued May 19, 2025 [ECF No. 87], is adopted as the opinion of the Court.

                                              /s/ Susan Paradise Baxter
                                              SUSAN PARADISE BAXTER
                                              United States District Judge

cc:     The Honorable Maureen P. Kelly
         United States Magistrate Judge

         All parties of record